UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL CAMPUDONI, as Administrator of          Docket No.:
the Estate of SONIA REYES,

                                                         **COMPLAINT**

                        Plaintiff,

        -against-                          Plaintiff Demands Trial by Jury

CITY OF NEW YORK, KEITH WILLIAMS,
NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, JOHN DOE 1,
and JOHN DOE 2,

                    Defendants.
------------------------------------------------------------X

Plaintiff MICHAEL CAMPUDONI, as Administrator of the Estate of SONIA REYES, by his attorneys, KELNER & KELNER, ESQS., as and for his Complaint in the above-captioned action, hereby alleges as follows upon information and belief:

**Preliminary Statement**

1.    This action arises from the death of Sonia Reyes, an inmate at Rikers Island, while in the custody of the City of New York.  Rikers Island long has been allowed to persist in a state of dysfunction and neglect, in which inmates and detainees are routinely subjected to intolerable risks to their health and safety.  In this case, Sonia Reyes, who had a documented mental health history, was left in a single-occupancy cell with limited and inattentive monitoring. The cell contained a medical bed, which had an electrical cord that could be used as a dangerous implement, and which she should not even have had access to in the first place.  On the morning of March 20, 2025, after having been inadequately monitored the previous night, she was found dead in her cell, with the cord from the bed wrapped around her neck.  This lawsuit seeks to hold defendants accountable for her preventable death.

1

**Jurisdiction and Venue**

2.      This action arises from violations of decedent's civil and constitutional rights by the CITY OF NEW YORK, its agents, servants, and/or employees, including, but not limited to KEITH WILLIAMS, and from these defendants' negligent acts and/or omissions; and from violations of plaintiff's civil and constitutional rights and medical malpractice and negligence by the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, its agents, servants, and/or employees, including, but not limited to, JOHN DOE 1 and JOHN DOE 2.

3.      This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This action arises, *inter alia*, under 42 U.S.C. § 1983 and § 1988, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.      This Court has supplemental jurisdiction over plaintiff's claims arising under state law, including, but not limited to, for general negligence and medical malpractice, because they are so related to the federal claims that they form part of the same case and/or controversy.

5.      A substantial part of the events and/or omissions giving rise to the claims herein occurred in the County of Bronx, State of New York, and venue in the United States District Court for the Southern District of New York is therefore proper.

**Parties**

6.      On March 20, 2025, decedent SONIA REYES died, leaving one or more distributees surviving.

7.      On August 7, 2025, MICHAEL CAMPUDONI was appointed Administrator of the Estate of Sonia Reyes, by Order of the Honorable Rosemarie Montalbano of the Surrogate's Court, Kings County, and is presently acting in said capacity.

8.      At all times herein mentioned, defendant CITY OF NEW YORK was and remains

a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9.      At all times herein mentioned, the New York City Department of Correction was and remains an agency, subdivision, and/or instrumentality of the CITY OF NEW YORK.

10.     At all times herein mentioned, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (hereinafter "NYCH+H") was and remains a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

11.     At all times herein mentioned, defendant KEITH WILLIAMS (hereinafter "WILLIAMS"), was employed by the CITY OF NEW YORK, by and through its Department of Correction.

12.     At all times herein mentioned, defendant JOHN DOE 1, a fictitious name, his or her real name being unknown, was employed by defendant NYCH+H.

13.     At all times herein mentioned, defendant JOHN DOE 2, a fictitious name, his or her real name being unknown, was employed by defendant NYCH+H.

14.     Plaintiff undertook reasonably diligent efforts to identify JOHN DOE 1 and JOHN DOE 2, but said information is presently within the sole and exclusive custody of the defendants herein.

**<u>As and For a First Cause of Action for Negligence/Medical Malpractice against defendants</u>**
**<u>CITY OF NEW YORK and NYCH+H</u>**

15.     On April 17, 2025, plaintiff MICHAEL CAMPUDONI, as Proposed Administrator of the Estate of Sonia Reyes, duly and timely served a Notice of Claim, in writing, upon defendant CITY OF NEW YORK.

16.    On April 22, 2025, plaintiff MICHAEL CAMPUDONI, as Proposed Administrator of the Estate of Sonia Reyes, duly and timely served a Notice of Claim, in writing, upon defendant NYCH+H.

17.    On July 1, 2025, plaintiff MICHAEL CAMPUDONI appeared for a hearing pursuant to General Municipal Law §50-h noticed by the CITY OF NEW YORK.

18.    NYCH+H did not demand a hearing pursuant to General Municipal Law §50-h, and the time allotted to it by law to have done so has now lapsed; it has therefore waived any such hearing.

19.    On August 19, 2025, plaintiff MICHAEL CAMPUDONI served an Amended Notice of Claim, reflecting his appointment as Administrator of the Estate of Sonia Reyes, in writing, upon defendant CITY OF NEW YORK.

20.    On August 19, 2025, plaintiff MICHAEL CAMPUDONI served an Amended Notice of Claim, reflecting his appointment as Administrator of the Estate of Sonia Reyes, in writing, upon defendant NYCH+H.

21.    More than thirty days have elapsed since the service of said Notices of Claim upon defendant CITY OF NEW YORK and it and/or its Comptroller has failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiff herein.

22.    More than thirty days have elapsed since the service of said Notices of Claim upon defendant NYCH+H and it and/or its Comptroller has failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiff herein.

23.    The instant action has been brought within one year and ninety days from when the claims set forth herein accrued, and all causes of action set forth herein, including for negligence against defendant CITY OF NEW YORK, are timely.

4

24.     At all times herein mentioned, defendant WILLIAMS was acting within the scope of his employment with defendant CITY OF NEW YORK.

25.     At all times herein mentioned, defendant JOHN DOE 1 was acting within the scope of his/her employment with defendant NYCH+H.

26.     At all times herein mentioned, defendant JOHN DOE 2 was acting within the scope of his/her employment with defendant NYCH+H.

27.     At all times herein mentioned, defendant WILLIAMS was acting under color of law, on behalf of the defendant CITY OF NEW YORK, and with the power and authority vested in him as a consequence thereof.

28.     At all times herein mentioned, defendant JOHN DOE 1 was acting under color of law, on behalf of the defendant NYCH+H, and with the power and authority vested in him/her as a consequence thereof.

29.     At all times herein mentioned, defendant JOHN DOE 2 was acting under color of law, on behalf of the defendant NYCH+H, and with the power and authority vested in him/her as a consequence thereof.

30.     At all times herein mentioned, defendant CITY OF NEW YORK, its agents, servants, and/or employees, owed decedent a common law duty of care, including, but not limited to, affording her reasonable supervision and protection, and access to medical care.

31.     On and following February 25, 2025, Sonia Reyes was incarcerated at the Rikers Island Correctional Facility, in the County of Bronx, State of New York, and was within the care, custody, and control of defendant CITY OF NEW YORK, by and through its Department of Correction.

32.     The CITY OF NEW YORK owned, operated, managed, maintained, and controlled the Rikers Island Correctional Facility.

33.     At all times herein mentioned, defendant NYCH+H was responsible for the provision of medical care to detainees and/or inmates at the Rikers Island Correctional Facility, and employed the medical personnel responsible for same.

34.     Defendant NYCH+H had a duty to render medical care to detainees and/or inmates at Rikers Island in accordance with good and accepted standards of medical practice, and otherwise to exercise reasonable care in the discharge of its functions.

35.     Sonia Reyes was admitted to Rikers Island on or about February 25, 2025, where she was going to serve a sentence of no greater than 364 days as part of a plea bargain.

36.     At and/or prior to the time of her admission, defendants were aware that she had a prior history of mental health treatment, and/or other and further indicia that she required mental health treatment, and that a mental health screening was required.

37.     Prior to the time of her admission, the Court had requested that she receive a mental health examination upon arrival and be placed in special custody.

38.     On or about February 27, 2025, she underwent a mental health evaluation by the CITY OF NEW YORK  and/or NYCH+H, and was recommended for housing in a mental observation unit (MOU).

39.     MOU housing units provide for additional mental health programming and heightened supervision from correctional personnel.

40.     Defendants knew and/or should have known following her screening that she had a prior history of depression, schizoaffective disorder (depressive type), and/or other and further

6

mental health conditions which required increased monitoring and/or observation and medical care.

41.     Subsequent to her evaluation, she was assigned to a MOU.

42.     On March 19, 2025, she tested positive for COVID-19 and was transferred to the Communicable Disease Unit (CDU), which was located in West Facility.

43.     Following her transfer to the CDU, she received significantly less observation, including, but not limited to, fewer wellness checks while she was in her cell, than she had been receiving in the MOU, and less medical care and programming.

44.     When transferred to the CDU, both CITY OF NEW YORK and NYCH+H were responsible for monitoring her and otherwise remaining attentive to her condition.

45.     She was placed in a single-occupancy cell in West Facility, in the CDU.  The cell contained, among other things, a medical bed, which had a cord.  The cord was not secured and/or was not properly secured and/or otherwise was left loose, in a manner that posed a foreseeable danger to an inmate or detainee with mental health issues.

46.     Defendant CITY OF NEW YORK and/or NYCH+H placed the bed in the cell, and/or otherwise was responsible for the condition of the equipment therein.

47.     Defendants CITY OF NEW YORK, NYCH+H, JOHN DOE 1 and/or JOHN DOE 2 were responsible for placing decedent in a room which contained implements that could be dangerous to her.

48.     On March 19 and March 20, 2025, defendant WILLIAMS, as the assigned "B" officer, was responsible for monitoring decedent in her cell, including by conducting periodic tours.

49. On March 19 and March 20, 2025, defendants JOHN DOE 1 and JOHN DOE 2 were responsible for caring for decedent, including, but not limited to, responding to her condition as required and appropriate.

50. Defendant WILLIAMS failed to conduct good and sufficient tours.

51. Defendant WILLIAMS failed, and/or failed sufficiently, to monitor and observe her cell and the area of the CDU in which it was located, and/or otherwise to ensure her well-being.

52. Defendants CITY OF NEW YORK, NYCH+H, JOHN DOE 1 and/or JOHN DOE 2 failed, and/or failed sufficiently, to monitor and observe her cell, and/or otherwise to ensure her well-being.

53. Defendants failed to heed signs of distress and/or otherwise reflecting her mental condition.

54. On March 20, 2025, at approximately 5:00 a.m., decedent was found in her cell, with the electric cord from her medical bed wrapped around her neck.

55. She died from asphyxia.

56. At all times herein mentioned, defendant NYCH+H represented that the physicians, nurses, nurse practitioners, physicians' assistants and other medical personnel in its employ, including, but not limited to, through its Correctional Health Services division, were competent and qualified to render medical, diagnostic, emergency room and other care and services in accordance with good and accepted standards of practice.

57. On and upon the commencement of her detention at Rikers Island, decedent presented to physicians and/or other personnel employed and/or engaged by defendant NYCH+H while in custody.

58.     At all times herein mentioned, defendant NYCH+H, its agents, servants, and/or employees undertook and agreed to render medical care to decedent commencing upon decedent's detention at Rikers Island, and continuing through the date of her death.

59.     The medical, diagnostic and other care, treatment and services rendered by the aforesaid defendants, jointly and/or separately, their agents, servants and/or employees to decedent were performed in a negligent and careless manner, not in keeping with the standards customarily employed in the medical community at large in failing to properly examine, obtain timely consults, and otherwise render good and sufficient treatment to decedent.

60.     The New York City Health and Hospitals Corporation was careless, reckless, and negligent in failing to provide good, adequate, and sufficient supervision of the decedent; in leaving her without supervision; failing to provide sufficient staffing at Rikers Island, including West Facility; failing to post a sufficient number of nursing staff members and/or other personnel to supervise the area of the facility in which decedent was housed; failing to conduct a risk screening and/or sufficient risk screening of decedent, including for the risk of suicide; in placing medical equipment, including, but not limited to, an electric bed with a cord in decedent's cell that could be used for self-harm; in failing to secure such equipment; in placing the equipment in her room when it was unnecessary; in failing to place her in a monitored setting and/or more actively monitored setting; in failing to monitor her; in failing to monitor and/or supervise her, despite the risks of injury and/or harm; in failing to intervene when decedent required help; in failing to discover, intervene, and stop a suicide attempt; in failing to detect the signs and indicia of a potential suicide attempt; in failing to account for and/or adequately account for suicide risks; in failing to take an adequate medical history, including relating to suicide attempts, and/or failing to respond and/or respond appropriately to said history; in failing to propound adequate

9

rules and guidelines, including, but not limited to, for the protection and security of inmates; failing to provide decedent with access to medical care as required; in failing to respond to decedent's complaints; in delaying and/or denying treatment; in departing from good and accepted standards of medical care in the treatment of the decedent, including, but not limited to, with respect to her mental health condition.

61.     The City of New York was careless, reckless, and negligent in failing to provide good, adequate, and sufficient supervision of the decedent; in leaving her without supervision; failing to provide sufficient staffing at Rikers Island, including West Facility; failing to post a sufficient number of officers and/or other personnel to supervise the area of the facility in which decedent was housed; failing to conduct a risk screening and/or sufficient risk screening of decedent, including for the risk of suicide; in placing medical equipment, including, but not limited to, an electric bed with a cord in decedent's cell that could be used for self-harm; in failing to secure such equipment; in placing the equipment in her room when it was unnecessary; in failing to place her in a monitored setting and/or more actively monitored setting; in failing to monitor her; in failing to monitor and/or supervise her, despite the risks of injury and/or harm; in failing to intervene when decedent required help; in failing to discover, intervene, and stop a suicide attempt; in failing to detect the signs and indicia of a potential suicide attempt; in failing to propound adequate rules and guidelines, including, but not limited to, for the protection and security of inmates; failing to follow its security and staffing guidelines; failing to provide decedent with access to medical care as required; in failing to train and/or adequately train its correctional officers; in placing WILLIAMS in a post for which he was unfit, including, but not limited to, given his prior personnel history; in failing to respond to decedent's complaints; failing to take decedent to the clinic and/or hospital; ignoring decedent's need for medical

10

attention; in delaying and/or denying treatment; negligently training, hiring, and/or retaining the corrections officers involved in the subject occurrence.

62. Decedent's injuries were proximately caused by the negligence, medical malpractice, and other acts and/or omissions of defendants CITY OF NEW YORK and NYCH+H, their agents, servants, and/or employees.

63. By reason of the foregoing, decedent was caused to sustain severe injuries, conscious pain and suffering, and fear of impending death, from the time of said occurrence up to the time of her death.

64. By reason of the foregoing, plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

**As and For a Second Cause of Action for Negligence/Medical Malpractice Against the CITY OF NEW YORK and NYCH+H (Wrongful Death)**

65. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 64 as though set forth more fully herein.

66. As a result of the foregoing, decedent was caused to suffer wrongful death.

67. Decedent's wrongful death was proximately caused by the carelessness, recklessness, and/or negligence, and/or medical malpractice of the CITY OF NEW YORK and NYCH+H, their agents, servants, and/or employees, including, but not limited to, in each and all of the respects set forth above.

68. By reason of the foregoing and the wrongful death of the plaintiff's decedent, plaintiff on behalf of himself and any and all distributees of the decedent, has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

**As and For a Third Cause of Action pursuant to 42 U.S.C. §1983 against defendants WILLIAMS, JOHN DOE 1 and JOHN DOE 2**

69.    Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 68 as though set forth more fully herein.

70.    At the time of the subject occurrence, defendants WILLIAMS, JOHN DOE 1, and JOHN DOE 2 ("the Individual Defendants") had responsibilities for the care and protection of inmates and detainees concerning the area of West Facility where decedent was housed, including, but not limited to, in monitoring their well-being, preventing harm, obtaining them access to medical care, and providing them with adequate medical care and attention.

71.    The Individual Defendants owed a duty under the Fifth, Eighth, and/or Fourteenth Amendments to the United States Constitution, including, but not limited to the Due Process Clause thereof, to take reasonable measures to protect the safety of detainees in their custody and/or otherwise providing them with good and sufficient medical care.

72.    The Individual Defendants' failures to supervise decedent and otherwise provide for her medical and physical safety, and deliberate indifference to same, represented violations of her civil and constitutional rights.

73.    The Individual Defendants, under color of state law, subjected the decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving her of rights, privileges, and immunities secured by the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments thereto.

74.    As a result of the foregoing, decedent was caused to sustain severe, serious, and permanent personal injuries, conscious pain and suffering, and fear of impending death.

75.    By reason of the foregoing, decedent's Estate has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

76.    Plaintiff further claims punitive damages against WILLIAMS, JOHN DOE 1, and JOHN DOE 2 in amounts to be assessed by a jury.

77.    Plaintiff further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

### As and For a Fourth Cause of Action pursuant to 42 U.S.C. §1983 against defendants WILLIAMS, JOHN DOE 1, and JOHN DOE 2 (Wrongful Death)

78.    Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs 1 through 77 as though set forth more fully herein.

79.    The Individual Defendants, under color of state law, subjected the decedent to the foregoing acts and omissions in violation of 42 U.S.C. §1983, thereby depriving her of rights, privileges, and immunities secured by the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments thereto.

80.    As a result of the foregoing, decedent was caused to suffer wrongful death.

81.    By reason of the foregoing, plaintiff has sustained damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

82.    Plaintiff further claims punitive damages against each and all of the named defendants herein, in amounts to be assessed by a jury.

83.    Plaintiff further claims attorney's fees, pursuant, inter alia, to 42 U.S.C. §1988.

### Conclusion

WHEREFORE, plaintiff demands judgment against defendant CITY OF NEW YORK in the sum of TWENTY MILLION DOLLARS ($20,000,000); against defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION in the sum of TWENTY MILLION DOLLARS ($20,000,000); against defendants KEITH WILLIAMS, JOHN DOE 1, JOHN DOE 2, in the sum of TWENTY MILLION DOLLARS ($20,000,000); punitive damages against the individual defendants herein; attorney's fees, pursuant to 42 U.S.C. §1988; the costs and

disbursements herein; and such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  New York, New York
November 13, 2025

Yours, etc.,

KELNER & KELNER, ESQS.
*Attorneys for Plaintiff Michael Campudoni,*
*as Administrator of the Estate of Sonia Reyes*

By:_____
Joshua D. Kelner (JK-3303)
7 World Trade Center, Suite 2700
New York, New York 10007
(212) 425-0700